## WESTERN UNION TELEGRAPH CO. v. MOBLEY. (No. 24–2646.)

(Commission of Appeals of Texas, Section A. Dec. 11, 1918.)

TELEGRAPHS AND TELEPHONES ☞66(1)—DELAY IN DELIVERY — DEATH MESSAGE — EVIDENCE.

In absence of testimony that sender of telegram announcing death of wife, sendee's sister, would have delayed funeral, also of testimony as to time of burial, it could not be inferred from language of telegram: "Delia died. * * * If any of you can come answer quick"—whether sendee would have reached place in time, had he gone.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by J. E. Mobley against the Western Union Telegraph Company to review judg-

ment for plaintiff, defendant appealed to the Court of Civil Appeals, which affirmed without opinion, and defendant brings error. Judgments of the Court of Civil Appeals and of the trial court reversed, on recommendation of the Commission of Appeals.

Ramsey & Odell, of Cleburne, for plaintiff in error.

J. A. Johnson, of Stephenville, and J. C. George, of Brownsville, for defendant in error.

TAYLOR, J. This was a suit for damages against the plaintiff in error for negligence in erroneously transmitting a death message. The telegram was dated at Murfreesboro, Ark., on February 28, 1912, addressed to J. E. Mobley, defendant in error, at Stephenville, Tex., and is as follows:

"Delia died this evening. If any of you can come answer quick.            W. F. Kelley."

The "Delia" referred to in the message was the wife of W. F. Kelley, the sender, and the sister of the plaintiff Mobley. Within a reasonable time after the message was filed, it was delivered to the defendant in error at Dublin, Tex., where he was temporarily residing, having been forwarded to him from Stephenville; but, as delivered to him, the message was dated "February 27th," instead of February 28th. It was alleged by defendant in error that by reason of this mistake he was led to believe his sister died on the evening of the 27th, instead of the 28th, more than 30 hours before he received the message, and too long for him to then make arrangements to go to her funeral; that he was thereby deprived of the opportunity of attending the funeral, which he would have done, had said message been correctly transmitted.

The trial in the lower court without jury resulted in judgment for defendant in error, which was affirmed by the Court of Civil Appeals without written opinion. The trial court filed findings of fact and conclusions of law; one of the conclusions of fact being as follows:

"If said message had been correctly transmitted to said J. E. Mobley, he would have answered the same immediately, replying he would come, and that he would have started on that night about 1 o'clock, and would have arrived at Murfreesboro, Ark., about 1:25 o'clock on the following day—that is, on March 1, 1912, and about 36 hours after his departure from Dublin, Tex.; that said W. F. Kelley, the husband of deceased, would have held the remains of his wife unburied until the arrival of said J. E. Mobley at said Murfreesboro, Ark.; and that he (plaintiff) would have been able to able to view said remains and attend the funeral of his deceased sister."

The testimony is sufficient to establish the defendant's negligence in transmitting the telegram, but the record is without testimony to support the finding of the trial court that the husband of the deceased would have held the remains of his wife until the arrival of plaintiff, if he had departed for Murfreesboro as soon as he received the message. The record is also without testimony of any character as to when the burial of the deceased took place. In the absence of such testimony, it could not be inferred from the language of the message whether the said Mobley would have arrived at the place of his sister's burial in time to be present at her funeral, if he had gone to Murfreesboro for that purpose. Western Union Tel. Co. v. Linn, 87 Tex. 7, 26 S. W. 490, 47 Am. St. Rep. 58.

In Western Union Telegraph Co. v. Swearingin, 97 Tex. 293, 78 S. W. 491, 104 Am. St. Rep. 876, and Western Union Telegraph Co. v. Norris, 25 Tex. Civ. App. 43, 60 S. W. 982, relied on by the plaintiff, the evidence showed that the remains would have been held unburied, awaiting the arrival of the interested party, and it was not held in either case that the court was authorized to assume that fact from the language of the message without evidence to that effect. The language of the message in this case, standing alone, does not support the finding of the trial court, and the Court of Civil Appeals erred in affirming the judgment, in the absence of supporting testimony.

We are of opinion that the judgment of both courts should be reversed, and the cause remanded to the district court.

PHILLIPS, C. J. The judgment recommended by the Commission is adopted and will be entered as the judgment of the Supreme Court. We approve its holding on the question discussed.